```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/18/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND, WELFARE
FUND, ANNUITY FUND, AND APPRENTICESHIP,
JOURNEYMAN RETRAINING, EDUCATIONAL AND
INDUSTRY FUND; TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND; THE NEW
YORK CITY AND VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION; and THE NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS,

> Petitioners,

-v-

PLATINUM WOOD FLOORS INC.,

> Respondent.

19 Civ. 1166 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Petitioners—the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds"); Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"); the New York City and Vicinity Carpenters Labor Management Corporation (together, with the ERISA and Charity Fund, "the Funds"); and the New York City District Council of Carpenters (the "Union")—seek confirmation of an arbitration award issued against respondent Platinum Wood Floors Inc. ("Platinum Wood Floors"). See Dkt. 1 ("Pet.") Ex. 6 ("Award"). Platinum Wood Floors is an employer bound by a collective bargaining agreement with the Union. See Dkt. 1-4. Petitioners commenced this action on February 7, 2019, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons, the Court confirms the Award.

1

I.  **Background**[1]

   A.  **The Parties and Their Agreements**

The ERISA Funds are multiemployer labor-management trust funds organized and maintained pursuant to ERISA. Pet. ¶ 4. The Charity Fund was established under the Internal Revenue Code, 26 U.S.C. § 501(c)(3). *Id.* ¶ 5. The New York City and Vicinity Carpenters Labor-Management Corporation is a non-profit corporation. *Id.* ¶ 6. The Union is a labor organization that represents employees working in an industry affecting commerce as defined by Section 501 of the LMRA. *Id.* ¶ 7. Platinum Wood Floors is an "employer" in an industry affecting commerce. *Id.* ¶ 8.

On or about June 13, 2005, Platinum Wood Floors executed an Independent Building Construction Agreement (the "Agreement"). Dkt. 1-1 (Agreement); *see also* Pet. ¶ 9. On or about September 25, 2012, Platinum Wood Floors also executed an Interim Compliance Agreement (the "Interim Compliance"), effective July 1, 2011, which extended the terms of the Agreement to the present. Dkt. 1-3 (Interim Compliance); *see also* Pet. ¶ 10.

The Agreement requires Platinum Wood Floors to remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union and to furnish books and payroll records at the Funds' request for purposes of conducting an audit. Agreement art. XV § 1; *see also* Pet. ¶¶ 11–12. The Agreement also provided that "[s]hould any dispute or disagreement arise between the parties hereto, or between the Union and any Employer-member signatory hereto, concerning any claim arising from payments to the

---

[1] The following undisputed facts are derived from the Petition, Dkt. 1, and the exhibits attached thereto.

2

Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator designated hereunder." Agreement art. XV § 7.

The Agreement further provides that

> [i]n the event that formal proceedings are instituted before a court of competent jurisdiction by the trustees of a Benefit Fund or Funds to collect delinquent contributions to such Fund(s), and if such court renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s), in accordance with the judgement [sic] of the court, and in lieu of any other liquidated damages, costs, attorney's fees and/or interest, the following:
> 1) the unpaid contributions; plus
> 2) interest on the unpaid contributions determined at the prime rate of Citibank plus 2%; plus
> 3) an amount equal to the greater of --
>    a) the amount of the interest charges on the unpaid contributions as determined in above, or
>    b) liquidated damages of 20% of the amount of the unpaid contributions; plus
> 4) reasonable attorney's fees and costs of the action; and
> 5) such other legal or equitable relief as the court deems appropriate.

Agreement art. XV § 6(a); *see also* Pet. ¶ 14.

As a participating employer with the Funds, the Agreement also binds Platinum Wood Floors to the Funds' Collection Policy. *See* Agreement art. XV § 3; Pet. ¶ 15. The Collection Policy states that

> [i]n the event that an employer refuses to permit a payroll review and/or audit upon request . . . . the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the assumption that the employer's weekly hours subject to contributions for each week of the requested audit period are the highest number of average hours reported per week for any period of four consecutive weeks during the audit period.

Dkt. 1-4 (Funds Collection Policy) § IV(12); *see also* Pet. ¶ 16.

**B.  The Arbitration Award**

Platinum Wood Floors failed to permit an audit covering June 25, 2014 through the present. *Id.* ¶ 17. Petitioners initiated arbitration proceedings before arbitrator Roger E. Maher,

who sent notice of the scheduled hearing to Platinum Wood Floors by regular and certified mail. *Id.* ¶ 18; *see also* Dkt. 1-5 (Notices of Hearing). Despite being notified of the arbitration, Platinum Wood Floors did not appear. *See* Award at 2.

Petitioners presented evidence that Platinum Wood Floors refused to have its books and records examined by Funds auditors and continued to deny the Funds permission for an audit within seven days of the Funds' written notice to Platinum Wood Floors. *Id.* at 2. On August 16, 2018, arbitrator Maher issued the Award, finding that, "[b]ased on the substantial and credible evidence of the case as a whole," Platinum Wood Floors owed the Funds delinquent contributions because of its failure to permit Benefit Funds auditors to examine its books and records for the period June 25, 2014 through August 16, 2018. *Id.* Maher directed Platinum Wood Floors to pay to the Funds a total of $4,012,668.84, comprising delinquent contributions, interest, liquidated damages, court costs, attorneys' fees, and the arbitrator's fee. *Id.* at 3. Maher further directed that interest would accrue at a rate of 7% from the date of the Award, August 16, 2018. *Id.*

### C.  This Action

On February 7, 2019, after Platinum Wood Floors failed to comply with petitioners' demand for the Award amount, Pet. ¶ 22, petitioners filed this action seeking to confirm the Award. On February 11, 2019, this Court ordered petitioners to serve Platinum Wood Floors with a copy of the Petition and the Court's order. Dkt. 7. On February 14, 2019, petitioners filed an affidavit of service stating that on February 13, 2019, petitioners had served Platinum Wood

Floors by service on an authorized person at the New York Secretary of State. Dkt. 9. To date, Platinum Wood Floors has not opposed the Petition or otherwise appeared in this case.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)) (internal quotation mark omitted). The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and

expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitration award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation mark omitted)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award, a court:

may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law [. . .] a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B. Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds that summary judgment is warranted, as petitioners have shown there is no material issue of fact in dispute. The arbitrator acted within the scope of the authority granted him by the parties, and found "substantial and credible evidence" that Platinum Wood Floors was required to submit to audit, and that it failed to do so, as revealed by evidence submitted by petitioners at the arbitration hearing. Award at 2. In calculating damages, the arbitrator relied on a report from petitioners received into evidence. *Id.* From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached," and by all indications a more than colorable one. *Landy Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of petitioners, for a total amount of $4,012,668.84.

### C. Attorneys' Fees Associated with this Action

Independent of the fee component of arbitrator Maher's Award, petitioners also request fees and costs incurred in bringing the instant Petition. Pet. ¶¶ 25–32. Petitioners have included

contemporaneous time sheets in support of their request for fees. *See* Dkt. 1-7. Absent statutory authority, however, the Court ordinarily may not grant an application for attorneys' fees. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012) (parties not necessarily entitled to fees and costs associated with bringing petition to confirm arbitration award for recovery of delinquent contributions) (citing *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011)); *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stainless Partners, Inc.*, No. 07 Civ. 3542 (CPS), 2007 WL 3232260, at *3 (E.D.N.Y. Oct. 31, 2007) (denying request for attorney's fees where petitioners failed to submit any time records). Section 301 of the LMRA does not provide such authority.

In the absence of such authority, the Court may nonetheless award attorneys' fees under its inherent equitable powers when opposing counsel acts in bad faith. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2012 WL 3744802, at *4. Petitioners, however, have not provided evidence upon which the Court could find bad faith here. Accordingly, the Court does not award fees and costs associated with bringing the Petition.

### D. Post-Judgment Interest

Petitioners also seek post-judgment interest. Pet. ¶ 33. Such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). An order confirming an arbitration award is to be "docketed as if it was rendered in an action," and "have the same

force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitration. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in an arbitration case). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and issues judgment in the amount of $4,012,668.84 plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Court respectfully requests that the Clerk of Court close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 17, 2019
 New York, New York